CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
7/21/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| HURSTON LAW OFFICES, PLLC, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No.    5:19-cv-60 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID BARYE BRIGGMAN, | ) | |
| | ) | By: Hon. Michael F. Urbanski |
| Appellee. | ) | Chief United States District Judge |
| | ) | |

## MEMORANDUM OPINION

This is an appeal of an order by the United States Bankruptcy Court for the Western District of Virginia pursuant to 28 U.S.C. § 158(a)(1) and Federal Rule of Bankruptcy Procedure 8002. On August 6, 2019, the bankruptcy court entered an order denying appellant Hurston Law Offices, PLLC's ("Hurston") assertion of a secured attorney lien on the proceeds of litigation settled by the chapter 7 trustee. On August 22, 2019, Hurston filed a notice of appeal, ECF No. 1, and on November 11, 2019, Hurston filed a brief in support of his appeal, ECF No. 11. No other party has filed a pleading in this matter.[1] For the reasons that follow, this court **AFFIRMS** the bankruptcy court's August 6, 2019 order.

I.

On February 15, 2018, David Briggman filed a chapter 7 petition pro se in the United States Bankruptcy Court for the Western District of Virginia. As the bankruptcy judge described in the August 6, 2019 order, "[w]hen Mr. Briggman filed his chapter 7 petition, his

---

[1] The court dispensed with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. See Fed. R. Bankr. P. 8019(b).

assets, including potential causes of action, became property of his bankruptcy estate." ECF No. 11-1, at 67 (citing 11 U.S.C. § 541). Robert Stevens was appointed as chapter 7 trustee for Briggman's bankruptcy estate and "held the duty to collect and reduce to money the property of Mr. Briggman's estate." Id. (citing 11 U.S.C. § 704(a)).

Prior to filing his bankruptcy petition, Briggman retained Hurston to represent him in several federal and civil claims against Nexus Services Inc. ("Nexus"), Michael Paul Donovan, Erik G. Schneider, and Richard Edward Moore. On March 2, 2018, after Briggman filed his bankruptcy petition, Hurston filed a case on behalf of Briggman.[2] According to Hurston, he notified Stevens of the litigation on March 13, 2018, and Stevens did not respond. Hurston was not retained by the trustee or Briggman's estate to pursue the litigation.

Following the filing of the litigation, Briggman disclosed the claims against Nexus in his bankruptcy case when he filed his Schedules. On behalf of the estate, Stevens then reached a settlement with Nexus on all pending litigation for $20,000. Hurston filed an objection to the settlement on June 12, 2019, arguing that $20,000 was insufficient for the pending litigation because it only included the wiretapping claims that were pending. During a hearing on the settlement, Hurston withdrew his objection and the court approved the settlement agreement.

At the hearing, Hurston also asserted an attorney's lien on the settlement proceeds pursuant to Virginia Code § 54.1-3932. Hurston argued that he perfected the lien postpetition by filing the proof of claim and the objection to the proposed settlement. The bankruptcy court granted Hurston time to file a brief regarding his claim to an attorney's lien, and Hurston

---

[2] The litigation originally only involved wiretapping claims. However, on August 13, 2018, Hurston moved to amend the litigation to add a wrongful termination and malicious prosecution claim. This court denied the addition of the wrongful termination claim with prejudice, and the malicious prosecution claim without prejudice. Hurston filed a revised wiretapping claim on December 26, 2018.

2

filed a memorandum in support of the lien on July 17, 2019. Following review of Hurston's memorandum, the bankruptcy court entered its order finding that Hurston had failed to perfect the lien because he did not provide written notice to the opposing parties prior to the filing of the bankruptcy petition, as required by Virginia Code § 54.1-3932. The bankruptcy court alternatively found that providing notice by filing the proof of claim and objection "was simply too late to establish priority over Mr. Briggman's other unsecured claims in the distribution of the settlement proceeds. Because the automatic stay operates to void 'any act to create, perfect, or enforce any lien against property of the estate . . . even if Hurston's notice was sufficient notice to perfect the lien, Hurston's postpetition actions would be void." ECF No. 11-1, at 71. The bankruptcy court found that Hurston only had a claim for attorney's fees as an unsecured claim. Hurston then filed the present appeal, asserting that the bankruptcy court erred in its opinion.

## II.

District courts have jurisdiction to hear appeals from final judgments and orders of the bankruptcy courts. See 28 U.S.C. § 158(a). The district court reviews "[f]indings of fact by the bankruptcy court . . . only for clear error and legal questions are subject to de novo review." See In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992); see also In re Dillon, 189 B.R. 382, 384 (W.D. Va. 1995).[3] The district court "will not reverse the trial court's finding of fact that has support in the evidence unless that finding is clearly wrong." In re ESA Envtl. Specialists, Inc., 709 F.3d 388, 399 (4th Cir. 2013). The district court may only consider evidence presented to the

---

[3] Unless otherwise noted, the court has omitted internal citations.

bankruptcy court and made part of the record. See In re Dillon, 189 B.R. at 384; In re Computer Dynamics, Inc., 253 B.R. 693, 698 (E.D. Va. 2000).

### III.

Hurston makes three arguments that the bankruptcy court erred in denying his attorney lien. First, Hurston argues that the bankruptcy court erred by denying the attorney lien pursuant to Virginia Code § 54.1-3932 because (i) he was retained by Briggman prepetition, (ii) he completed a substantial amount of pre- and postpetition work on the litigation, and (iii) he properly perfected the lien by notifying all interested parties prior to the allowance of the settlement. Second, Hurston asserts the bankruptcy court erred by finding that Hurston's proof of claim was filed for $0.00. Third, Hurston asserts that the bankruptcy court erred by failing to exercise its equitable powers to grant Hurston an attorney lien. The court will address these arguments in turn.

A. <u>Hurston did not have a valid attorney lien for his prepetition or postpetition work.</u>

The first issue the court must examine de novo is if Hurston had a valid attorney lien under Virginia law. Virginia Code § 54.1–3932 provides in relevant part as follows:

> Any person having or claiming a right of action sounding in tort, or for liquidated or unliquidated damages on contract or for a cause of action for annulment or divorce, may contract with any attorney to prosecute the same, and the attorney shall have a lien upon the cause of action as security for his fees for any services rendered in relation to the cause of action or claim. When any such contract is made, and written notice of the claim of such lien is given to the opposite party, his attorney or agent, any settlement or adjustment of the cause of action shall be void against the lien so created, except as proof of liability on such cause of action.

4

The Virginia statute affords an attorney lien protection against a settlement if two conditions are satisfied: (i) the cause of action is in tort or for liquidated or unliquidated damages on a contract; and (ii) written notice is given to the opposite party. Here, Hurston asserts that he worked for Briggman both pre- and postpetition. Because the automatic stay operates to void "any act to create, perfect, or enforce any lien against property of the estate," 11 U.S.C. § 362(a)(4), the court must examine Hurston's work and effort to perfect the lien prepetition separately from his postpetition efforts.

      i.      <u>Prepetition work</u>

"A lien perfected prepetition under the Virginia attorney lien statute [] is valid in bankruptcy." <u>In re Military Circle Pet Center No. 94, Inc.</u>, 181 B.R. 282, 287 (Bankr. E.D. Va. 1994). It is undisputed that Briggman retained Hurston prepetition to pursue the litigation, which was a cause of action in tort. "Under Virginia law, such a lien comes into existence on the making of the contract of employment between the client and attorney, but then remains inchoate until judgment or recovery is obtained." <u>Montavon v. United States</u>, 864 F. Supp. 519, 522 (E.D. Va. 1994). As such, Hurston satisfies the first prong of the analysis.

However, Hurston fails to satisfy the second prong because "an attorney's lien is perfected only if the attorney provides written notice of the lien to the opposing party or its attorney or agent." <u>In re Fleury</u>, No. 07-cv-10970, 2007 WL 3053311, at *3 (Bankr. E.D. Va. Oct. 18, 2007) (citing <u>Fary v. Aquino</u>, 218 Va. 889, 241 S.E.2d 799 (1978)). Where the attorney fails to properly perfect his lien by giving the written notice required by the statute, the attorney enjoys no priority over any other claim against the property. See <u>In re Military Circle Pet Center</u>, 181 B.R. at 288. The bankruptcy court found that "[w]ritten notice was not provided

to the opposing parties prior to the filing of the bankruptcy petition" and such notice "was required to establish a lien enforceable against potential settlement proceeds." ECF No. 11-1, at 71. The court agrees with that finding. Nothing in the record indicates that the lien was perfected prepetition, nor does Hurston argue that he perfected the lien prepetition. Accordingly, Hurston did not have a valid attorney lien for the work completed prepetition.

      ii.      <u>Postpetition work</u>

Because Hurston failed to perfect his lien prepetition, Hurston argues that he properly perfected it postpetition. The court disagrees. There is a difference between perfecting a lien postpetition for work conducted postpetition and perfecting a lien postpetition for work conducted prepetition. Hurston attempts to merge the analysis and asserts that by filing his objection to the settlement and proof of claim in the bankruptcy case, he properly perfected his attorney lien for work conducted both pre- and postpetition. Hurston is mistaken for two reasons.

First, Hurston asserts that he properly perfected his attorney lien postpetition as it pertains to his prepetition work. In asserting an attorney lien, Hurston seeks to make himself a secured creditor in the bankruptcy case. However, such an attempt to perfect a lien postpetition for a claim that arose prepetition is in violation of the automatic stay. The bankruptcy court found that "[b]ecause the automatic stay operates to void 'any act to create, perfect, or enforce any lien against property of the estate,' 11 U.S.C. § 362(a)(4), even if Hurston's notice was sufficient notice to perfect the lien, Hurston's postpetition perfection actions would be void." ECF No. 11-1, at 71; <u>see also</u> <u>In re Logan</u>, No. 07-12564, 2010 WL 1286651, at *4 (Bankr. E.D. Va. Mar. 29, 2010) ("any notice sent after the filing of the

6

bankruptcy case would be ineffective to perfect a lien, since it would constitute 'an act to obtain possession of property of the estate or of property from the estate' in violation of the automatic stay.") (quoting 11 U.S.C. § 362(a)(3)). The court agrees with the bankruptcy court and finds that any act by Hurston to perfect his lien postpetition for any work completed prepetition is in violation of the automatic stay and is void. See 11 U.S.C. § 362(a)(3), (4).

Second, courts "will recognize attorney liens incurred postpetition if the statute was followed by the attorney." In re Military Circle Pet Center, 181 B.R. at 282. Here, Hurston also claims an attorney lien for postpetition work he conducted on behalf of the debtor. However, the trustee did not hire or retain Hurston. Pursuant to Federal Rule of Bankruptcy Procedure 2014, the trustee must submit an application for an order approving the employment of an attorney on behalf of the estate. See also 11 U.S.C. § 327 ("the trustee, with the court's approval, may employ one or more attorneys . . . to represent or assist the trustee in carrying out the trustee's duties"). The bankruptcy court "did not authorize Hurston to represent the trustee." ECF No. 11-1, at 69. Therefore, Hurston is not entitled to an attorney lien from the debtor's estate for his postpetition services.[4] See Lamie v. U.S. Trustee, 540 U.S. 526, 533-34 (2004) (holding that in a chapter 7 proceeding, a debtor's attorney not retained by the chapter 7 trustee under 11 U.S.C. § 327 is not eligible for compensation). Accordingly, Hurston does not have a valid attorney lien for the work he conducted on behalf of Briggman or the bankruptcy estate.

    B. <u>The bankruptcy court did not err by finding that Hurston's claim was filed for $0.00.</u>

---

[4] Hurston also argues that he notified trustee Stevens of his intent to continue the litigation postpetition. However, this notice does not replace the need for Hurston to be retained by the estate and approved by the bankruptcy court before he continued such representation on behalf of the estate.

Hurston asks this court to find that the bankruptcy court erred in finding that his proof of claim was for $0.00. This court reviews the bankruptcy court's findings of fact for clear error and "will not reverse the [bankruptcy] court's finding of fact that has support in the evidence unless that finding is clearly wrong." In re ESA Envtl. Specialists, Inc., 709 F.3d 388, 399 (4th Cir. 2013). With respect to the amount of Hurston's proof of claim, the bankruptcy court stated:

> Hurston filed a proof of claim after the bar date. The Court does not address the timeliness of the proof of claim at this time; the claim is allowed until objected to. Because the proof of claim was filed for $0.00 as the amount of the claim, the trustee or other parties in interest may decline to object to its allowance.

ECF No. 11-1, at 71.

In the order, the bankruptcy court found that Hurston's claim was (i) filed after the bar date, and (ii) filed for $0.00. Both of these findings are well supported by the evidence. First, as evidenced by the claims register, the bar date was November 21, 2018 and Hurston filed his proof of claim on June 11, 2019. See ECF No. 11-1, at 72, 75. Second, Hurston's proof of claim clearly states: "Amount claimed: $0.00." While Hurston argues that his claim is "unascertained" because he objected to the amount of the settlement agreement, he did not amend his claim once he withdrew his objection and the amount of his claim was no longer contingent. ECF No. 11, at 26. Therefore, the court finds that the bankruptcy court did not err in finding that Hurston's claim was for $0.00.

C. The bankruptcy court properly denied Hurston's attorney lien.

Hurston argues that the bankruptcy court abused its discretion by failing to exercise its equitable authority to grant his attorney lien. "Equitable determinations by the Bankruptcy

8

Court are subject to review under an abuse of discretion standard." In re Parker, No. 3:08-cv-73, 2011 WL 3322726, at *12 (W.D.N.C. Aug. 2, 2011) (quoting In re General Dev. Corp., 84 F.3d 1364, 1367 (11th Cir. 1996)). Hurston asserts the bankruptcy court should have relied on its broad discretion granted in 11 U.S.C. § 105(a) to grant his attorney lien. The court disagrees.

Hurston's "burden here is a heavy one, as a [bankruptcy] court abuses its discretion only where it has acted arbitrarily or irrationally, has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous factual or legal premises." United States v. Welsh, 879 F.3d 530, 537 (4th Cir. 2018). Hurston has failed to show how the bankruptcy court abused its discretion. Throughout his brief, Hurston asserts that he is entitled to one-third of the settlement proceeds, as was his contingency agreement with Briggman. After having a hearing on the issue and permitting Hurston to file a supplemental brief, the bankruptcy court decided that Hurston did not have a valid attorney lien. However, it did not make a determination as to the validity of Hurston's claim against the estate; indeed, while the bankruptcy court found that Hurston was not a secured creditor, it found that "Hurston has a claim for attorney's fees as an unsecured claim." ECF No. 11-1, at 71. It did not determine how much that claim was for.

The court finds that the bankruptcy court did not abuse its discretion. In the end, the bankruptcy court found that Hurston had not properly perfected an attorney lien prepetition, and thus he was not entitled to a secured lien for his work conducted prepetition. Had the bankruptcy court granted such a lien, it would have been to the disadvantage of the other creditors. See In re Logan, 2010 WL 1286651, at *4 (Bankr. E.D. Va. Mar. 29, 2010). Further, the bankruptcy court found that it had not authorized Hurston's employment on behalf of the

9

estate for postpetition work. Therefore, the bankruptcy court denied Hurston's claim for an attorney lien but permitted him to pursue a claim against the estate as an unsecured creditor seeking attorney's fees.

## VI.

For the reasons stated above, the court **AFFIRMS** the bankruptcy court's August 6, 2019 order denying Hurston's attorney lien. A corresponding order consistent with this memorandum opinion will be entered this day.

It is so **ORDERED**.

Entered: July 21, 2020

Michael F. Urbanski
Chief United States District Judge